264

(No. 3159— )

CHARLES DAY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

EVERETT LEWIS and R. E. SMITH, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed his petition on the 8th day of December, 1937, with the Clerk of this Court, alleging that on the 22nd day of August, 1937, the State of Illinois, had created a military unit of the State government of the State of Illinois and designated the same as the State Militia of the State of Illinois and said department was composed of regiments and companies of enlisted men and that among said companies was Howitzer Company, 130th Infantry, located at Mt. Vernon, Jefferson County, Illinois. It is also averred that the State had issued to its various military companies, war materials consisting of bombs, shells and other like high explosives, and that it was the duty of said companies, including Howitzer Company, 130th Infantry, to use the highest care and caution with said explosives in and about keeping the same securely packed or out of the reach of the general public, and at all times in the use of said explosives, not to permit any shell, bomb or explosive to be left in a position to be picked up or handled by any person not authorized so to do, but notwithstanding its duty in this behalf, the Howitzer Company, above mentioned, by and with the auth-

ority of the State of Illinois, established and maintained what is known and designated as a Rifle Range, south of Salem, in the State of Illinois, which Rifle Range was for the purpose of practice by the members of said company in the firing, setting off, and exploding of the various and different kinds of shells and ammunitions of war so issued by the State of Illinois.

It is also averred that it is the duty of the State Militia to use the highest care and caution in and about the handling and the exposing of said shells and ammunitions of war, to insure the safety of persons at, upon or near the said Rifle Range, but the said State Militia company did carelessly, negligently and without regard for the safety of the general public, leave a certain shell loaded with high explosives upon, at or near the Rifle Range, and in consequence thereof, the shell was left in view of persons passing by said Rifle Range.

It is also averred that the danger in the handling of said shells and high explosives so issued, is only known by persons trained so to do, and that on the 22nd day of August, 1937, a shell or bomb, the exact name being unknown to the claimant, was picked up from the ground upon, at or near said Rifle Range and was given to the claimant, and while the claimant was using due care and caution for his own safety to the best of his knowledge, the shell or bomb exploded in his hand, tearing away one finger and a great portion of his right hand, and permanently injuring the same, to the damage of the claimant in the sum of Four Thousand Dollars ($4,000.00).

The Attorney General has made a motion to dismiss this case on the ground that no cause of action is stated.

It goes without saying that the State of Illinois in its sovereign capacity has the right to maintain a State Militia or National Guard and to train the members thereof in the methods of modern warfare. In doing this it is a matter of common knowledge that the implements of war, including shells and bombs, and the handling thereof, are exceedingly dangerous, and it frequently happens that even the best informed suffer serious injuries in handling such dangerous explosives. It is not averred that the claimant had any right upon the premises where the bomb was found or that he was in the performance of any duty to the State. For aught appears in the complaint, the claimant was a trespasser upon

the premises, and the person who gave the claimant the bomb, or shell, was a trespasser.

It frequently happens that inquisitive people meddle with things that do not concern them in any way and suffer injuries thereby. Certainly, such people would not be entitled to damages in case of injury. The complaint avers that this shell or bomb "was picked up from the ground upon, at or near said Rifle Range and was given to this claimant and while the claimant was using due care and caution for his own safety to the best of his knowledge, the said shell or bomb exploded in the hand of this claimant, * * *." It is our opinion that such conduct on behalf of the claimant is inconsistent with the term "due care and caution." It is inconceivable that any person using "due care and caution" would handle a shell or bomb found at or near a rifle range.

This court has repeatedly held that the doctrine of respondeat superior does not apply to the State of Illinois, and we have repeatedly held that the State, in the organization, maintenance and operation of the Illinois National Guard and the training of the same, is engaged in a governmental function and is, therefore, not liable for death, personal injuries or property damage, occasioned by the negligence of the officers or members of the Illinois National Guard, or the officers, employees or agents of the State charged with the organization, maintenance, operation or training of said National Guard. (*Peterson* vs. *State,* 8 C. C. R. 9; *Winnebago County Forest Preserve Dist.* vs. *State,* 7 C. C. R. 95.)

The motion of the Attorney General to dismiss this case will, therefore, be allowed.